## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IRAN JUAN CARRILLO-ZAMARRIPA,** | **:** | **No. 3:24cv1828** |
| | **:** | |
| **Petitioner** | **:** | **(Judge Munley)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **WARDEN J. GREENE,** | **:** | |
| | **:** | |
| **Respondent** | **:** | |

**MEMORANDUM**

Petitioner Iran Juan Carrillo-Zamarripa ("Carrillo-Zamarripa"), an inmate confined at the Low Security Correctional Institution, Allenwood, in White Deer, Pennsylvania, initiated the above-captioned action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Carrillo-Zamarripa challenges the delay in his placement in a Residential Reentry Center ("RRC").  (Id.).  For the reasons set forth below, the court will dismiss the habeas petition without prejudice based on Carrillo-Zamarripa's failure to exhaust the available administrative remedies.

## I.    Background

Carrillo-Zamarripa is serving a 200-month term of imprisonment imposed by the United States District Court for the Western District of Oklahoma for conspiracy to distribute a controlled substance and distribution of

methamphetamine.  (Doc. 8-3).  His current projected release date is April 6,

2026, via First Step Act release.  (Id.).

The Administrative Remedy Generalized Retrieval reveals that Carrillo-

Zamarripa filed four administrative remedies while in the custody of the Federal

Bureau of Prisons ("BOP") and only one—number 1215934—concerns the

claims in the instant habeas petition.  (Doc. 8-4).  On October 17, 2024, Carrillo-

Zamarripa filed administrative remedy number 1215934-F1 at the institution level

requesting RRC placement or home confinement.  (Id. at 3).  On October 23,

2024, the institution closed the remedy.  (Id.).  Carrillo-Zamarripa did not file an

appeal to the Regional or Central Offices.  (See Doc. 8-4; Doc. 8-2, Declaration

of BOP Attorney Joshua M. Bower ("Bower Decl.") at 3, ¶ 8).  Carrillo-Zamarripa

did not submit any other administrative remedies concerning his request for RRC

placement or home confinement.  (See Doc. 8-4).

In his § 2241 petition, Carrillo-Zamarripa argues that he is entitled

immediate placement in an RRC or home confinement.  (Doc. 1).  Respondent

filed a response, asserting that the court should dismiss the petition because

Carrillo-Zamarripa did not exhaust his administrative remedies before proceeding

to federal court and, alternatively, because the BOP has recommended his

placement in an RRC.  (Doc. 8).  The record clearly establishes that Carrillo-

Zamarripa failed to exhaust his administrative remedies; therefore, the court does not reach respondent's alternative argument.

## II.    **Discussion**

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. See Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or

3

if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)).

    In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. See generally 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. See id. §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. See id. § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. See id. An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. See id. (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

4

Here, the record reflects that, although Carrillo-Zamarripa filed one administrative remedy concerning RRC placement and home confinement—number 1215934-F1—he undisputably failed to properly exhaust this remedy. (See Doc. 8-4).  Carrillo-Zamarripa's Administrative Remedy Generalized Retrieval report demonstrates that he filed the remedy at the institution level and never pursued it to the Regional or Central Offices—the necessary steps to fully exhaust the administrative remedy.  (Id.).  Rather than comply with the BOP's administrative remedy process, Carrillo-Zamarripa bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Carrillo-Zamarripa concedes his failure to exhaust but argues that exhaustion should be excused as futile because "[i]t would take at least 120-days or more to utilize the Four-Step remedy procedure to address [his] claims [and] that [he] is entitled to 'immediate release[.]'" (Doc. 2, at 4-5)  In other words, Carrillo-Zamarripa argues that he should not have to exhaust his administrative remedies because the administrative remedy process could take months to complete, and he should be released before the process is completed.  The court, however, is unpersuaded by Carrillo-Zamarripa's argument, as it does not provide a basis to excuse exhaustion.  See, e.g., Greene v. Spaulding, No. 22-cv-01726, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the

5

Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he would be entitled to release if he were granted habeas relief—i.e., granted credits under the First Step Act); Rodriguez v. Sage, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); Ramirez v. Sage, No. 22-cv-00638, 2022 WL 2318693, at *2 (M.D. Pa. June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)). Additionally, the court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground.

The court finds that Carrillo-Zamarripa's claim must first be presented to BOP officials and fully exhausted. Because Carrillo-Zamarripa did not fully exhaust his administrative remedies before petitioning this court, and because no

6

exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

**III.**     **Conclusion**

Consistent with the foregoing, the court will dismiss the petition for writ of habeas corpus.  (Doc. 1).  An appropriate order shall issue.

Date: December 4, 2024                         *s/ Julia K. Munley*
                                                                   **JUDGE JULIA K. MUNLEY**
                                                                   **United States District Court**

7